FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUN 20 PM 2:3

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

JOHN T. HALL,

  Plaintiff,

vs.          No. 04-3034-D/An

MEMPHIS CITY SCHOOLS,

  Defendant.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

  Plaintiff John T. Hall filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on December 21, 2004, along with an application to proceed in forma pauperis and an application seeking appointment of counsel. Because the information provided by the plaintiff was insufficient to permit the Court to conclude that he is indigent and unable to pay the filing fee or to give security therefor, the Court issued an order on March 28, 2005 directing the plaintiff, within thirty days, to file a properly completed in forma pauperis affidavit, executed in compliance with 28 U.S.C. § 1746, or pay the $150 civil filing fee. The plaintiff filed a motion for reconsideration of that order on April 25, 2005 that was not executed in compliance with 28 U.S.C. § 1746 and, therefore, the Court issued an order on

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-20-05

10

April 29, 2005 denying the motion for reconsideration and directing the plaintiff, once again, to submit a properly completed <u>in forma pauperis</u> affidavit or pay the civil filing fee within thirty days. The plaintiff filed an <u>in forma pauperis</u> affidavit, and a supplement to his motion seeking appointment of counsel, on May 19, 2005. Based on the information contained in the plaintiff's most recent affidavit, the motion to proceed <u>in forma pauperis</u> is GRANTED. The Clerk shall record the defendant as the Memphis City Schools.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." <u>Farmer v. Haas</u>, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. <u>Willett v. Wells</u>, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

2

Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. This plaintiff also has demonstrated, through his pro se prosecution of his previous Title VII action against this employer, Hall v. Memphis City Schools, No. 02-2468-Ml/A (W.D. Tenn.), that he is capable of representing himself. Finally, although the Court granted leave to proceed in forma pauperis, that motion presented an extremely close question

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

3

in light of the very significant monthly income earned by the plaintiff and his wife. Because the pro bono resources available to the Court are extremely limited, it is appropriate ordinarily to reserve appointment of counsel to individuals who are indigent, who are incapable of representing themselves, and who have the greatest likelihood of success on the merits. The motion for appointment of counsel is DENIED.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

   (i)     is frivolous or malicious;

   (ii)    fails to state a claim on which relief may be granted; or

   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). One claim asserted by the plaintiff is subject to dismissal.

On April 25, 2005, plaintiff filed a document, entitled "Motion to Amend Complaint," which sought to add a claim under "the Whistleblowers Act," which is not identified by citation.[3] As a preliminary matter, the proposed amendment does not comply with Fed. R. Civ. P. 8(a), which provides, in pertinent part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the

---

[3] Magistrate Judge S. Thomas Anderson issued an order on May 16, 2005 denying the motion on the ground that, pursuant to Fed. R. Civ. P. 15(a), leave of Court is not required for a first amendment prior to the filing of a responsive pleading. That amendment is, however, subject to screening.

4

pleader is entitled to relief." The plaintiff's amendment does not set forth any facts indicating that the defendant violated any statute providing protection to whistleblowers.

The Court ordinarily would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course is to dismiss the whistleblower claim without prejudice to the plaintiff's right to seek leave to amend to reassert his whistleblower claim, so long as the new amendment is in compliance with Fed. R. Civ. P. 8(a)(2).

In order to preclude the filing of unnecessary motions, the Court notes that, to the extent the citation to the "Whistleblowers Act" is intended to refer to the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, the plaintiff has no claim. That statute provides, in pertinent part, that "[n]o employee shall be discharged or terminated for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(a). As this plaintiff has not been discharged or terminated, the TPPA is plainly inapplicable. See Howard v. Life Care Centers of Am., Inc., No. E2004-00212-COA-R3-CV, 2004 WL 1870067, at *4 (Tenn. Ct. App. Aug. 20, 2004) ("Tenn. Code Ann. § 50-1-304 requires that the employee be 'terminated.' This would clearly require an act on the part of

5

the employer to end the employment relationship.").[4] Accordingly, to the extent the plaintiff's amendment seeks to assert a claim under the TPPA, it is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

It is ORDERED that the Clerk shall issue process for the defendant and deliver said process to the marshal for service. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. Code Ann. § 4.04(9) & (10). The service on the defendant shall include a copy of this order. All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these

---

[4] If plaintiff's whistleblower claim arises from the same facts that support his retaliation claim, it is without merit for other reasons. On October 31, 2003, the Court granted summary judgment to the defendant in plaintiff's previous Title VII case, Hall v. Memphis City Schools, No. 04-2468-Ml/A (W.D. Tenn.). In so holding, the Court observed that "[p]laintiff's persistence in litigating this lawsuit despite his complete inability to articulate any reason why the conduct about which he complains has any connection to his race presents an appearance of possible abuse of process." 10/31/03 Order at 12. Accordingly, in light of the disposition of case no. 04-2468, plaintiff cannot establish that the defendant engaged in illegal activities.

requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 20th day of June, 2005.

/s/ Bernice Bouie Donald
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-03034 was distributed by fax, mail, or direct printing on June 20, 2005 to the parties listed.

---

John T. Hall
2024 Lakefront Dr. #101
Collierville, TN 38017

Honorable Bernice Donald
US DISTRICT COURT